# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1272

_____

Jeffrey Dean Hakes,                    *
                                       *
            Appellant,                 *    Appeal from the United States
                                       *    District Court for the Southern
      v.                               *    District of Iowa.
                                       *
Michael J. Astrue,                     *    [UNPUBLISHED]
                                       *
            Appellee.                  *

_____

Submitted:  June 30, 2010
Filed: July 7, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Dean Hakes appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits.  Hakes alleged that he was disabled from pain in his neck, left arm, and shoulder.  After a hearing, an administrative law judge (ALJ) determined that (1) Hakes's shoulder osteoarthritis and mild cervical degenerative disc disease were severe impairments, but did not meet or medically equal the requirements of any listing, alone or combined; (2) his subjective complaints were not entirely credible; (3) his residual functional capacity

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

(RFC) for less than a full range of sedentary work precluded him from performing his past relevant work; but (4) based on the testimony of a vocational expert (VE) in response to a hypothetical, Hakes could perform the requirements of another job which existed in significant numbers. After careful review, we agree with the district court that substantial evidence supports the ALJ's decision. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review).

Hakes complains that the ALJ excluded from his RFC findings, and thus from his hypothetical to the VE, certain attention and concentration limitations arising from Hakes's alleged sleeping difficulties. The ALJ, however, gave valid reasons for discrediting Hakes's assertions that those limitations prevented him from working. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (where ALJ explicitly discredits claimant and gives valid reasons for doing so, credibility determination is normally entitled to deference); Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009) (ALJ should determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations); Stormo v. Barnhart, 377 F.3d 801, 808-09 (8th Cir. 2004) (hypothetical is sufficient if it includes impairments supported by substantial evidence and accepted as true by ALJ).

Hakes also argues that it was not proper for the ALJ to rely on the VE's answer to the ALJ's hypothetical as to what, if any, work Hakes could perform, because the VE identified only one such occupation. This argument also fails. See Tommasetti v. Astrue, 533 F.3d 1035, 1043-44 (9th Cir. 2008). Finally, Hakes cites no legal authority to support his remaining arguments concerning the erosion of his occupational base and what constitutes a "significant number" of jobs; and having carefully considered those points for reversal, we reject them as meritless.

Accordingly, we affirm.

_____